IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**EARNEST CORNELIUS ROWELL**                                                                                      **PLAINTIFF**
**individually and as special administrator of the**
**Estate of Ernest Ebenezer Rowell**

v.                                          CASE NO. 3:18-CV-00122 BSM

**BNSF RAILWAY COMPANY**
**UNION PACIFIC RAILROAD,**
**DIETRICK YOUNG and**
**CHARLES ESAW**                                                                                                  **DEFENDANTS**

## ORDER

Defendant Union Pacific Railroad Company's ("Union Pacific") motion for summary judgment [Doc. No. 22] is granted as to all claims except the claim for failure to remove obstructions.

## I. BACKGROUND

This is a sad case in which Ernest Ebenezer Rowell was killed when a train collided with the dump truck he was driving. Def.'s Statement of Facts ("Def.'s F.") ¶ 1, Doc. No. 23. BNSF Railway Company ("BNSF") owns the train involved in the collision, and Union Pacific owns the tracks where the collision occurred. *Id.* ¶¶ 1–3. The train was traveling west at approximately 42 to 45 miles per hour near the city of Edmondson, Arkansas. *Id.* ¶¶ 3, 6; Reaves Aff. ¶ 4, Doc. No. 29-2. Rowell was traveling west along a road that runs parallel to the train tracks. Resp. Mot. Summ. J. at 2, Doc. No. 29; Bowser Aff. ¶ 12, Doc. No. 29-3. The train struck Rowell's truck when he turned left and drove over the tracks. *See* Resp. Mot. Summ. J. at 2–3; Bowser Aff. ¶ 9. The road in which the collision occurred

approaches the tracks at a sharp angle. *See* Bowser Aff. ¶ 5. Moreover, there was vegetation growing near the tracks, and there was an obstruction preventing Rowell from having a clear view of the oncoming train. Hughes Aff. at 5, Doc. No. 29-1; Bowser Aff. ¶ 8.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.*

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). All reasonable inferences must be drawn in a light most favorable to the non-moving party, *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007), but a party's own self-serving, conclusory allegations in an affidavit or deposition, standing alone, are insufficient to defeat summary judgment. *Haas v. Kelly Services*, 409 F.3d 1030, 1034 (8th Cir. 2005). Finally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

A. <u>Failure to Issue a Slow Order</u>

Summary judgment is granted on Rowell's claim that Union Pacific failed to issue a slow order because this claim is preempted by federal law.

Federal law preempts tort suits arising from most railroad collisions. *See* 49 U.S.C. § 20106; *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 675 (1993); *Sipes v. Union Pacific R.R. Co.*, 925 F. Supp. 2d 1051, 1055–56 (E.D. Ark. 2002). One exception to this rule is where the circumstances pose a "specific, individual hazard," in which case a railroad can be held liable for failing to order its train operators to lower their speeds to avoid dangerous conditions. *Stevenson v. Union Pacific R.R. Co.*, 110 F. Supp. 2d 1086, 1088–89 (E.D. Ark. 2000) (quoting *Easterwood*, 507 U.S. at 675).

Although Rowell asserts that Union Pacific should have, but failed to, issue a slow order, there is no admissible evidence supporting this contention. Rowell relies on a crossing inventory and affidavits based on that crossing inventory. *See* Crossing Inventory, Reaves Aff.; Reaves Aff. Ex. A, Doc. No. 29-2. Crossing inventories, however, are inadmissible, *Gleason v. Soo Line R.R. Co.*, No. C98-2021 MJM, 1999 WL 33656833 at *7 (N.D. Iowa, Jan. 12, 1999) (relying on 23 U.S.C. section 409), and typically are insufficient to create a dispute of fact, *Sipes*, 925 F. Supp. 2d at 1055.

B. <u>Inadequate Warning Devices</u>

Summary judgment is granted on Rowell's claim for insufficient warning devices because this claim is preempted by federal law.

Tort claims relying on the inadequacy of warning devices are preempted when railroad warning devices are installed with federal funds as part of a federal program. *See Norfolk S. Ry. Co. v. Shanklin*, 529 U.S. 344, 356 (2000); *Easterwood*, 507 U.S. at 675; *Bock v. St. Louis Sw. Ry. Co.*, 181 F.3d 920, 922–23 (8th Cir. 1999). Rowell's claims are preempted by federal law because the Federal Highway Administration funded half of the cost of the signage at the crossing at issue. *See Bock*, 181 F.3d at 922–23; Def.'s F. ¶ 16.

Rowell also argues that there was no stop sign at the crossing and relies on the crossing inventory as evidence. *See* Resp. Mot. Summ. J. at 11. Crossing inventories do not create a dispute of fact. *See Sipes*, 925 F. Supp. 2d at 1055.

Although Rowell asserts that Union Pacific has failed to establish that there was a stop sign at the crossing, the burden is on Rowell to produce evidence that there was not a stop sign at the crossing, and he has failed to satisfy that burden. Nevertheless, Union Pacific has presented evidence that there were two stop signs at the crossing, and both were installed as part of the federally-funded project. *See* Nelson Aff. ¶¶ 2–3, Doc. No. 24-10; Nelson Aff. Ex. A at 1, Doc. No. 24-10. Thus, Rowell's claims are preempted.

C. Crossing Conditions

Summary judgment is granted on Rowell's claim that the crossing conditions were unsafe because tort claims based on the design and construction of railroad crossings are preempted by federal law. *See, e.g.*, *Texas Cent. Bus. Lines Corp. v. City of Midlothian*, 669 F.3d 525, 533–4 (5th Cir. 2012) ("The ICCTA prohibits the City from controlling how railroad track embankments are constructed. . . . [T]he City's grading ordinance and its requirement that roads be paved in concrete are expressly preempted."); *see also* 49 U.S.C. § 10101 *et seq.*

D. Failure to Mark Crossing and Erect Proper Traffic Signs

Summary judgment is granted on Rowell's claim that Union Pacific failed to mark the crossing and erect traffic signs. This claim is preempted for the same reasons that the claim for inadequate warning devices is preempted. These claims are essentially the same for preemption purposes.

E. Failure to Maintain Warning Devices

Summary judgment is granted on Rowell's claim that Union Pacific failed to maintain the warning devices at the crossing. Union Pacific presented evidence the crossbucks and stop signs were properly maintained. *See* Simpson Aff. ¶ 5, Doc. No. 24-8. The only challenge Rowell makes to this assertion is denying it in response to Union Pacific's statement of fact. Pl.'s Resp. to Statement of Fact ¶ 20, Doc. No. 30. The affidavits Rowell relies upon do not address the condition of the crossbucks and stop signs.

F. <u>Failure to Remove Visual Obstruction and Control Vegetation</u>

Summary judgment is denied on Rowell's claim that Union Pacific failed to remove visual obstructions and to control vegetation.

Railroads have a statutory duty to clear vegetation that could obstruct views of the tracks. Vegetation must be cut back in both directions fifty feet from the center of the tracks, and one hundred yards in both directions from the center of the road. Ark. Code Ann. § 23-12-201(a); *Harrison v. Union Pacific R.R. Co.*, ECF No. 266 at 2, No. 3:99-cv-00110 (E.D. Ark. Dec. 6, 2002). In support of its contention that Union Pacific violated the statute, Rowell relies on the affidavit of Joe Bowser, which states: "From the direction he was driving west, even in daylight, Rowell could not see a train to his rear, and the earliest opportunity he could have seen the train would have been when he reached the top of the track. That is not a safe place to stop, but it was due to the obstruction along the right-of-way, which obstruction was cut back in 2018, after the wreck." Bowser Aff. ¶ 8. Although this statement is somewhat vague because it fails to specify what the obstruction was, or the exact location of the obstruction, it is viewed in the light most favorable to Rowell. If Bowser's testimony at trial insufficiently describes the obstruction, Rowell may be unable to survive a motion for judgment as a matter of law.

G. <u>Punitive Damages</u>

Summary judgment is granted on Rowell's claim for punitive damages. Punitive damages may be recovered when the defendant knows its conduct will probably result in

6

injury and continues the conduct with malice or in reckless disregard of the consequences, or when the defendant acts with intent to cause harm. *See* Ark. Code Ann. § 16-55-206. A defendant who is merely negligent is not liable for punitive damages. *See Dalrymple v. Fields*, 633 S.W.2d 362, 363 (1982). Rowell has produced no evidence indicating that Union Pacific knew the view of the tracks was obstructed.

## IV. CONCLUSION

For the forgoing reasons, Union Pacific's motion for summary judgment is granted as to all claims except the claim for failure to remove obstructions.

IT IS SO ORDERED this 23rd day of July 2019.

                                                    */s/ Brian S. Miller*
                                            UNITED STATES DISTRICT JUDGE